NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1374

COMMONWEALTH

vs.

STEVEN R. LUCIANO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, the defendant was convicted of operating a motor vehicle while under the influence of marijuana (OUI-marijuana), G. L. c. 90, § 24 (1) (a) (1).[1]  The defendant did not perfect an appeal from that conviction but he subsequently moved for a new trial, arguing that his trial counsel was ineffective for failing to present expert testimony that the defendant's Spanish language background and fear of the officer impacted his performance on the roadside assessments. The judge, who also presided at trial, denied the defendant's

_____

[1] The defendant was acquitted of negligent operation of a motor vehicle.

motion for a new trial without conducting an evidentiary hearing.  We affirm.

Background.  We recite the facts as the judge could have found them.[2]  On May 26, 2019, at around 1 A.M., an officer of the Erving police department was on uniformed patrol in a marked police cruiser.  While parked on the side of the road, the officer observed the defendant's car traveling at fifty miles per hour in an area where the speed limit was forty miles per hour.  As the car passed the officer, its driver's side tires crossed the double yellow line separating the two lanes of traffic.  The officer followed behind the defendant's car as it continued to exceed the posted speed limit and its driver's side tires touched the double yellow line.  The officer then initiated a traffic stop, which his body camera and dash camera recorded.

As the officer approached the passenger side door of the car, he smelled burnt marijuana and saw smoke wafting out of the car's window, which was rolled down about an inch.  The officer asked the defendant, the sole occupant, to roll down the window further, and the defendant rolled down the window about four

---

[2] The parties stipulated that the defendant operated a vehicle on a public way and that the substance found in the vehicle was marijuana.  See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 388 (2017).  The only contested issue was whether the defendant was impaired by marijuana while driving.

inches.  The defendant denied the existence of the smoke and having smoked in the car, and he stated that there was no marijuana in the car.  After the officer pointed out the smoke, the defendant admitted that he had recently smoked marijuana in the parking lot of a nearby gas station.  The defendant's eyes were bloodshot and "droopy," and the defendant seemed lethargic when answering questions.  The officer asked the defendant to exit the vehicle.  As the defendant exited the vehicle, he brushed ashes off of his shirt and shorts.  The officer instructed the defendant to perform a nine-step walk-and-turn assessment.  The defendant did not comply with the officer's instructions.  Rather, he repeatedly attempted to start the assessment before the officer finished giving instructions, and was unsteady, stumbling and waving his arms for balance while listening to the instructions.  During the one-legged stand assessment, the defendant also swayed, struggled to maintain his balance, and did not comply with the officer's instructions.

The officer asked the defendant about his educational level, and the defendant stated that he had just completed his second year of college.  The officer instructed the defendant to recite the alphabet.  The defendant omitted the letters "I" and "K" and repeated letters out of order, stating "Z, X, Y, W, X, and Z."  The officer then arrested the defendant.  After securing the defendant in his cruiser, the officer searched the

defendant's car and found a partially burnt marijuana cigarette and rolling papers.

The defense called one witness, Dr. Joanne Samson, a toxicologist and physiologist with expertise on drugs, including marijuana. Dr. Samson testified to the signs and symptoms of intoxication by marijuana use and its effect in humans. Dr. Samson also testified to what physical symptoms would be observed on a person who was intoxicated by marijuana.

After the defendant was convicted and had served his probationary period, he moved for new trial on the basis of ineffective assistance of counsel. The defendant proffered expert testimony about (1) the impact of his Spanish language background on his alphabet recitation, and (2) the neurological impact of fear on roadside assessments. Trial counsel averred that he was unaware of either defense at the time of trial. The judge concluded that the language expert's testimony could not have explained the defendant's errant recitation of the alphabet, as he had been schooled in the United States since first grade and had completed two years of college. The judge also concluded that the expert testimony regarding the defendant's fear of the officer "would not have changed [his] view in this case" and thus "would not have changed the result."

Discussion. We review the denial of a motion for new trial "for a significant error of law or abuse of discretion."

4

Commonwealth v. Sanchez, 100 Mass. App. Ct. 644, 647 (2022).

"Special deference" is given to the motion judge who, as was the case here, was also the trial judge. Commonwealth v. Nieves, 429 Mass. 763, 771 (1999). To prevail on his motion for new trial based on ineffective assistance of counsel, the defendant must show that "there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), resulting in a substantial risk of a miscarriage of justice. See Commonwealth v. Millien, 474 Mass. 417, 432 (2016). Trial counsel's performance also must have "likely deprived the defendant of an otherwise available, substantial ground of defence."[3] Saferian, supra.

1. Alphabet recitation. In support of his motion for new trial, the defendant offered expert testimony opining that the defendant's errors reciting the alphabet could be attributed to the defendant's Spanish language background rather than to

---

[3] Because trial counsel was unaware of either defense at the time of trial, he did not make a strategic decision to forego the defenses, and we do not review for manifest unreasonableness. See Commonwealth v. Yat Fung Ng, 489 Mass. 242, 250 (2022) ("Where a claim of ineffective assistance of counsel is based on a tactical or strategic decision, the test is whether the decision was manifestly unreasonable when made" [quotation omitted]).

intoxication.  The defendant immigrated from the Dominican Republic to the United States at the age of six and did not attend kindergarten in the United States.  His family spoke only Spanish at home.  The defendant attended school in the United States from first grade through his second year of college and spoke English fluently.  The expert witness's affidavit stated that someone whose first language is not English may not have been taught to recite the alphabet in order, even if that person becomes a fluent English speaker and attends college.

We do not discern an abuse of discretion in the denial of the motion on this ground.  The expert's testimony related to how English language learners are taught English.  The expert stated that English language learners may have difficulty with recall of the English alphabet even while speaking "grammatically correct and unaccented English."  She opined that it would be "unsurprising" for an individual who came to the United States from the Dominican Republic at age six, who missed American prekindergarten and kindergarten, and who spoke only Spanish at home to erroneously recite the alphabet.  The defendant's affidavit stated that he did not recall being taught to memorize the order of the English alphabet, but the "judge was not required to credit any claims . . . in the defendant's self-serving affidavit."  See Commonwealth v. Gilbert, 94 Mass. App. Ct. 168, 178 (2018).  Moreover, the defendant told the

6

officer that he could recite the alphabet before attempting to do so, and the judge found that credible.

Further, ample other evidence supported the defendant's OUI-marijuana conviction. See Commonwealth v. Jewett, 471 Mass. 624, 636 (2015) (defendant exhibited "classic indicia of impairment," including bloodshot eyes and crossing lane markings). The officer testified that he saw and smelled marijuana smoke and challenged the defendant's denial that there was smoke in the car. The defendant admitted to having recently smoked marijuana, and the officer discovered a partially burnt marijuana cigarette in the defendant's car. The defendant did not follow instructions during the roadside assessments. He nearly fell on the ground while listening to the officer's instructions.

2. Impact of defendant's fear on field sobriety assessments. The defendant also offered an expert's affidavit stating that the defendant's fear that the officer could harm him "may have contributed to his lack of balance, his need for repeated directions, his errors following those directions, and other mistakes as he performed them." The Supreme Judicial Court has recognized that, during a police stop, justified fear "might lead an African-American male to be nervous or evasive in

his dealings with police officers."[4]  Commonwealth v. Evelyn, 485 Mass. 691, 709 (2020).  While being instructed on a roadside assessment that he declined to undertake, the defendant expressed his fear of closing his eyes while alone with the officer late at night.

As the judge noted, expert testimony is not necessary to support the contention that performance on a roadside assessment "is often attributable at least in part to nervousness and fear," and the judge was aware of that.  The defendant did not, as he contends, scrupulously comply with the officer's directions to avoid an "overreact[ion]."  Rather, the defendant attempted to conceal the smell of marijuana by avoiding rolling down his window, lying to the officer about the presence of smoke, and brushing ash from his clothes.  Once again, significant evidence aside from the roadside assessments supported the defendant's conviction, including driving errors, the defendant's admission to smoking marijuana, the smoke in the car and wafting from it, and the partially burnt marijuana cigarette in the defendant's car.  See Commonwealth v. Facella, 478 Mass. 393, 411 (2017) (failure to elicit evidence at trial not ineffective assistance where there was "overwhelming

---

[4] The defendant identifies as Hispanic but is perceived by others as Black or African American.

evidence of the defendant's guilt").  We discern no abuse of discretion in denying the defendant's motion for a new trial based on this ground.

3.  Evidentiary hearing.  Finally, the defendant asserts that the judge erred by denying his request for an evidentiary hearing on his motion for a new trial.  We conclude that "[i]t was not error for the judge who denied the motion for a new trial also to deny the defendant an evidentiary hearing on that motion; the defendant's submissions raised no substantial issues."  Commonwealth v. Scoggins, 439 Mass. 571, 578 (2003).

> Order denying motion for new trial affirmed.
>
> By the Court (Henry, Grant & D'Angelo, JJ.[5]),

Clerk

Entered:  October 7, 2024.

---

[5] The panelists are listed in order of seniority.

9